O

JS-6

cc: order, docket, remand letter to San Bernardino County Superior Court, No. CIVDS1210426

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CYNTHIA BARAJAS, an individual, | ) Case No. EDCV 12-02193 DDP (OPx) |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER REMANDING CASE** |
| WALGREEN CO./ILL, a California corporation, | ) |
| Defendant. | ) |

Defendant removed this wrongful termination case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. As the removing party, it is Defendant's burden to establish that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1332(a).

It is not apparent from the face of Plaintiff's complaint that the amount in controversy requirement is met. The court therefore ordered Defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 and that this case should not be remanded for lack of subject matter jurisdiction. See

///

Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).

In response, Defendant points to Plaintiff's Rule 26(a) disclosures, in which Plaintiff states that she seeks at least $20,280.00 in lost income and $100,000 in emotional distress damages. Plaintiff's claim for lost income falls well short of the jurisdictional minimum.

While the amount of compensatory damages Plaintiff seeks might otherwise put this case over the $75,000 threshold, Defendant provides no factual basis to support that figure. "A speculative argument as to the amount in controversy in insufficient." Sol v. Pivotal Payments, Inc., No. 11-cv-06430 EJD, 2012 WL 823246 at *2 (N.D. Cal. Mar. 9, 2012), citing Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992); See also Rybalnik v. Willaims Lea Inc., No 12-cv-04070, 2012 WL 4739957 at *2 (C.D. Cal. Oct. 4 2012) (remanding where defendant provided no non-speculative basis to conclude that Plaintiff could recover a sufficient damage award to satisfy amount in controversy.).

The court cannot conclude that it is more likely than not that the amount in controversy here exceeds $75,000. Accordingly, federal jurisdiction is lacking, and this case must be remanded. In addition, the Scheduling Conference set for June 3, 2013 is vacated.

IT IS SO ORDERED.

Dated: May 29, 2013

DEAN D. PREGERSON
United States District Judge

2