O

JS-6

cc: order, docket, remand letter to San Bernardino County Superior Court, No. CIVDS1210426

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA BARAJAS, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>WALGREEN CO./ILL, a California corporation,<br><br>        Defendant. | Case No. EDCV 12-02193 DDP (OPx)<br><br>**ORDER REMANDING CASE** |

    Defendant removed this wrongful termination case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. As the removing party, it is Defendant's burden to establish that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1332(a).

    It is not apparent from the face of Plaintiff's complaint that the amount in controversy requirement is met. The court therefore ordered Defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 and that this case should not be remanded for lack of subject matter jurisdiction. See

///

1 Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th
2 Cir. 1997).

3    In response, Defendant points to Plaintiff's Rule 26(a)
4 disclosures, in which Plaintiff states that she seeks at least
5 $20,280.00 in lost income and $100,000 in emotional distress
6 damages.  Plaintiff's claim for lost income falls well short of the
7 jurisdictional minimum.

8    While the amount of compensatory damages Plaintiff seeks might
9 otherwise put this case over the $75,000 threshold, Defendant
10 provides no factual basis to support that figure.  "A speculative
11 argument as to the amount in controversy in insufficient." Sol v.
12 Pivotal Payments, Inc., No. 11-cv-06430 EJD, 2012 WL 823246 at *2
13 (N.D. Cal. Mar. 9, 2012), citing Gaus v. Miles, 980 F.2d 564, 567
14 (9th Cir. 1992); See also Rybalnik v. Willaims Lea Inc., No 12-cv-
15 04070, 2012 WL 4739957 at *2 (C.D. Cal. Oct. 4 2012) (remanding
16 where defendant provided no non-speculative basis to conclude that
17 Plaintiff could recover a sufficient damage award to satisfy amount
18 in controversy.).

19    The court cannot conclude that it is more likely than not that
20 the amount in controversy here exceeds $75,000.  Accordingly,
21 federal jurisdiction is lacking, and this case must be remanded.
22 In addition, the Scheduling Conference set for June 3, 2013 is
23 vacated.

24 IT IS SO ORDERED.

25 Dated: May 29, 2013

                                    DEAN D. PREGERSON
                                    United States District Judge

2